IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RITCHIE CAPITAL MANAGEMENT, )
L.L.C., et al., )
 )
        Plaintiffs, )
 )
  v. )   No.  13 C 7490
 )
FREDRIKSON & BYRON P.A., )
et al., )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

On October 25 this Court had before it the attempted removal of this action by Fredrikson & Byron P.A. ("Fredrikson & Byron")[1] of this action brought by Ritchie Capital Management, L.L.C., Ritchie Capital Management, Ltd. and Ritchie Special Credit Investments, Ltd. (collectively "Ritchie"), in which Fredrikson & Byron has purported to invoke federal removal jurisdiction on two grounds--diversity of citizenship under 28 U.S.C. §1332[2] and the "related to cases under title 11" provision of Section 1334(b). This Court began that October 25 hearing with an oral expression of substantial skepticism as to both of those claimed arrows in the Fredrikson & Byron quiver, but after hearing some oral arguments from counsel on both sides of the "v." sign it granted the request of Ritchie's counsel to file their objections to the

---

[1] All of the other named defendants, four individuals, also consented to Fredrikson & Byron's Notice of Removal ("Notice").

[2] All further references to Title 28's provisions will simply take the form "Section--."

removal and a motion to remand by November 15.

But this Court has always been keenly mindful of the regularly repeated teaching from our Court of Appeals that was framed succinctly over a quarter century ago in <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986) and remains good law still:

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

And as more recently underscored in <u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005)(internal citations and quotation marks omitted):

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

That last-stated mandate has gained special force in this case when this Court's reading of a portion of the transcript of the October 25 oral presentation by Ritchie's counsel caused it to examine a Seventh Circuit case (<u>In re FedPak Sys., Inc.</u>, 80 F.3d 207 (7th Cir. 1996)) that it had not previously had occasion to review[3] but that its post-hearing examination and analysis has revealed to undercut rather than support Fredrikson & Byron's

---

[3] This Court's not having read the <u>FedPak</u> opinion in the course of its preparation for the October 25 proceeding was understandable, for Fredrikson & Byron's Notice ¶5 had actually (and misleadingly) cited that case as assertedly supporting its reading of the "related to" statutory language. This Court had simply taken Fredrikson & Byron's word for it.

position.

This opinion will accordingly begin with a sharp look at the bankruptcy-related predicate that Fredrikson & Byron seeks to rely on as assertedly supporting federal subject matter jurisdiction (and hence as assertedly supporting its removal of the case to this District Court), and the opinion will then turn later to questions bearing on diversity jurisdiction, even though this Court's oral statement at the outset of the October 25 hearing had begun with the latter subject. And as will be seen, the end result of the total analysis here obviates the need for Ritchie's counsel to tender the previously-ordered November 15 submission.

In brief, FedPak, 80 F.3d at 213-14 (most citations omitted) reflects a far narrower scope for the "related to" concept than Fredrikson & Byron would urge:

> The circuits are split on how best to interpret this statutory language. Michael L. Cook, Overview of Bankruptcy Procedure: Jurisdiction, Venue and Appeals, Practising Law Institute (April–May 1995). Some courts have adopted a sweeping test which holds that whenever a proceeding "could conceivably have any effect on the [bankruptcy] estate," it is "related to" a case under title 11 and the bankruptcy court has jurisdiction.
>
> This circuit has articulated a more limited and, we believe, more helpful definition of the bankruptcy court's "related to" jurisdiction. Our precedents hold that "[a] case is 'related' to a bankruptcy when the dispute 'affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors.'" As we explained recently:

3

> [T]he ['related to'] language should not be
> read ... broadly. [It] is primarily intended
> to encompass tort, contract, and other legal
> claims by and against the debtor, <u>claims
> that, were it not for bankruptcy, would be
> ordinary stand-alone lawsuits between the
> debtor and others</u> but that section 1334(b)
> allows to be forced into bankruptcy court so
> that all claims by and against the debtor can
> be determined in the same forum.
>
> <u>Zerand-Bernal [Group, Inc. v. Cox</u>], 23 F.3d [159,] 161
> [(7th Cir. 1994)](emphasis added, citation omitted).
>
> We have interpreted "related to" jurisdiction narrowly
> "out of respect for Article III" (see discussion *supra*)
> as well as to prevent the expansion of federal
> jurisdiction over disputes that are best resolved by
> the state courts. <u>Home Ins. Co. v. Cooper & Cooper,
> Ltd.</u>, 889 F.2d 746, 749 (7th Cir.1989); <u>see also In re
> Kubly</u>, 818 F.2d 643, 645 (7th Cir.1987) (the "limited
> jurisdiction" of the bankruptcy court "may not be
> enlarged by the judiciary because the judge believes it
> wise to resolve the dispute."). Additionally, we
> believe that common sense cautions against an
> open-ended interpretation of the "related to" statutory
> language "in a universe where everything is related to
> everything else." Gerald T. Dunne, <u>The Bottomless Pit
> of Bankruptcy Jurisdiction</u>, 112 Banking L.J. 957
> (Nov.–Dec.1995).

Indeed, <u>Zerand-Bernal</u>, 23 F.3d at 162 casts added light on the current situation by explaining the limited purpose of possibly "forc[ing] into the bankruptcy court suits to which the debtor need not be a party but which may affect the amount of property in the bankrupt estate":

> Once they are shoehorned into the bankruptcy court on
> the authority of section 1334(b), such suits can then
> be stayed by authority of section 105 of the Bankruptcy
> Code, 11 U.S.C. §105, which complements the automatic
> stay provision of section 362 of the Code (applicable
> to suits against the debtor) by permitting the
> bankruptcy court to "issue any order...that is

4

> necessary or appropriate to carry out the provisions of this title."

Any such stay would be bizarre indeed, for if Ritchie were to prove successful in its current litigation and could potentially recover from defendants in this action any amount for which the bankruptcy estate or estates might otherwise be responsible, that could only <u>improve</u> the lot of the creditors of estate or estates.

In short, this Court has reviewed Notice ¶¶4-9 (the portion dealing with "related to" jurisdiction) and finds the position set out there to be wholly wanting in analytical terms. Fredrikson & Byron's approach is unduly sweeping in scope, running contrary to the teaching of our Court of Appeals.[4] Just as the lower courts in <u>FedPak</u> and <u>Zerand-Bernal</u> were held to be lacking in jurisdiction because of the inapplicability of the "related to" concept, so too is this Court lacking in subject matter jurisdiction over that branch of the Fredrikson & Byron contention.

That said, this opinion turns to the alternative ground advanced by Fredrikson & Byron for claiming federal subject matter jurisdiction: diversity of citizenship. In that respect

---

[4] <u>FedPak</u> is the most recent in-depth treatment of the subject from the Seventh Circuit. Authority since then has simply reconfirmed the <u>FedPak</u> authority in brief terms (see, e.g., <u>Reiniche v. Martin</u>, 463 Fed.App'x 589 (7th Cir. 2012)(dismissing for want of subject matter jurisdiction an action assertedly based on a "related to" premise)).

the burden of establishing its existence always rests on the party seeking entrance to the federal courthouse door: the plaintiff in any case initiated in the District Court, the defendant (such as Fredrikson & Byron) in any case sought to be removed from its state court of origin. And in this instance we need go no farther than the first name in the case caption--a limited liability company, Ritchie Capital Management, L.L.C.--to see that Fredrikson & Byron has failed in its task, for here is all that Notice ¶16 says on that score:

> 16. Plaintiff Ritchie Capital Management, L.L.C. is, and at the time the action was filed was, a Delaware limited liability company with its principal place of business in Wheaton, Illinois. See Complaint ¶16.

That attempted reliance on the part of a law firm defendant is frankly astonishing, for the quoted language speaks only of facts that are jurisdictionally irrelevant when a limited liability company is involved. That effort ignores some 15 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by White Pearl Inversiones S.A. v. Cemusa, Inc., 647 F.3d 684, 686 (7th Cir. 2011) and by other cases cited there), that the relevant states of citizenship as to a limited liability company for Section 1332 purposes are those of all of its members, not that of the entity itself.

Whenever a newly-filed federal complaint in a case assigned to this Court's calendar has exhibited the same flaw, this Court regularly heeds the <u>Wernsing</u> dictate and sua sponte dismisses both the complaint and the action for lack of subject matter jurisdiction.  And when as here this Court's analysis of each ground relied on by a removing defendant has shown "that the district court lacks subject matter jurisdiction" (Section 1447(c)[5]), both that same statutory section and <u>Wernsing</u> teach that "the case shall be remanded" (again Section 1447(c)).  Accordingly this Court so orders, and the Clerk of this District Court is ordered to mail a certified copy of the order of remand to the Clerk of the Circuit Court of Cook County forthwith (<u>id</u>.).[6]

With this action thus having been dispatched back to its place of origin, this opinion might well end at this point.  But this Court is constrained to comment on Fredrikson & Byron's ill-considered and ill-grounded effort to charge Ritchie and its counsel with fraudulent joinder by having included Illinois citizens Timothy Takesue and Miguel Martinez, Jr. among the named

---

[5] Section 1447(c) precedes the quoted language with the less positive qualifier "it appears," but in this case that qualifier would be an understatement--instead the lack-of-jurisdiction showing is unquestionable.

[6] This order moots Fredrikson & Byron's Section 1404(a) motion to transfer the case (Dkt. 5), and that motion is therefore denied as moot.

7

defendants.  Fraud is a serious charge to level against lawyer opponents, and it should not go unchallenged even though resolution of that issue is unnecessary to the already-announced dispositive result.

Some idea of the lack of merit in Fredrikson & Byron's effort to dirty up its adversaries may be gained from its bogus argument that the so-called fraudulence of the two-defendant joinder is supported by Fredrikson & Byron's "information and belief" that "Martinez and Takesue do not have anywhere near the resources to satisfy the judgment sought by plaintiffs in this case" (Notice ¶28).  But as this Court pointed out in its oral statement during the October 25 hearing, plaintiffs as well as defendants have the right to protect their choice of forum--the example that this Court then gave was of a fatal auto accident caused by the negligent driving of a large semi that collided with a passenger automobile, killing the driver of the automobile--a situation in which the jointly and severally liable driver of the semi, whose state of citizenship coincides with that of the decedent, may properly be joined as a defendant in a state court lawsuit.  That joinder would properly defeat any potential for removal of the case on diversity grounds, even though the driver of the semi would clearly be unable to satisfy

the hoped-for multimillion dollar judgment.[7]

Despite the patent lack of merit in Fredrikson & Byron's just-discussed argument, this Court will not apply any notion of infectious invalidity to that firm's other contention of fraudulent joinder--one that charges that Ritchie's claims against Illinois citizens Takesue and Martinez are time-barred. But that argument also fails, for it rests on the implausible position that when the Fredrikson & Byron clients that victimized Ritchie to the tune of far more than $100 million failed to pay $21 million of promissory notes on their March 2008 due date, followed by (1) a Ritchie's associate being advised in June 2008 that the same clients had used the funds to repay other investors and then by (2) the same clients' failure to repay Ritchie in mid-June 2008 (Notice ¶27), within a few weeks thereafter Ritchie should somehow have known or have been put on notice as a matter of law that the entire underlying transaction had been based on forged purchase orders.[8]

That is an obvious non sequitur. It clearly requires a quantum leap to connect the dots in a way that would outlaw the

---

[7] There may also be procedural advantages, evidentiary and otherwise, to be gained by joining the semi's driver as a defendant.

[8] Complaint ¶¶8, 9, 24, 25, 40, 41 and 76-82 charge those Illinois individuals with having created and having issued the fraudulent purchase orders that were the underpinning for the massive fraud assertedly perpetrated on Ritchie.

9

claims against the two individual defendants on limitations grounds before the Complaint was filed in the Circuit Court on September 19, 2013. With an acknowledged 85-day tolling agreement having been effective earlier in 2013, a ruling that any Takesue-Martinez claims were barred by limitations would have required that Ritchie know, or reasonably should have known, of the Takesue-Martinez involvement in the wrongdoing by about June 25, 2008 (the applicable statute of limitations is acknowledged to be five years under Illinois law).

That simply does not fly--assuredly not as a matter of law. Takesue and Martinez cannot be erased from the Complaint as having been fraudulently joined.[9] That claimed defense is as vulnerable to being shattered as the proverbial glass house, and its figurative occupants, Fredrikson & Byron and its counsel, should never have undertaken to throw the equally figurative stones of assertedly fraudulent joinder.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 30, 2013

---

[9] Moreover, their retention as defendants in this action would also block any diversity-based removal because of Section 1441(b)(2)'s "forum defendant" prohibition. Once more, however, the operation of that prohibition is unnecessary to the conclusion announced earlier in this opinion.